**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|                                  |   |                      |
|----------------------------------|---|----------------------|
|                                  | : | **CIVIL ACTION**     |
| **MODERN PORTABLE**              | : |                      |
| **REFRIGERATION, LLC,**          | : |                      |
| *Plaintiff,*                     | : |                      |
|                                  | : |                      |
| **v.**                           | : | **No.   21-2423**    |
|                                  | : |                      |
| **TEMPERATSURE LLC d/b/a**       | : |                      |
| **NORDIC COLD CHAIN SOLUTIONS.,**| : |                      |
| *Defendant.*                     | : |                      |

<u>**MEMORANDUM**</u>

Kenney, J.                                                    **October 14, 2021**

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff Modern Portable Refrigeration, LLC's

Motion, pursuant to 28 U.S.C. § 1447(c), for an Order remanding this action to the Pennsylvania

Court of Common Pleas, Philadelphia County for lack of subject matter jurisdiction. ECF No.

25. For the reasons that follow, the Motion is **GRANTED**.

## II.   BACKGROUND

This case involves dispute over several agreements related to the purchase and lease of

"blast freezers," which are trailers that are used to quickly freeze products for storage and

transport. ECF No. 13, Joint Report of Rule 26(f) Meeting. Plaintiff Modern Portable

Refrigeration is a single-member LLC owned and operated by Curt Archambeau, a refrigeration

mechanic who designed and builds forty-foot blast freezers with proprietary refrigeration

technology. *Id.* at 2. Defendant, which goes by the trade name "Nordic Ice" or "Nordic,"

manufactures freezable gel packs commonly used to keep retail items cold during shipment. *Id.*

1

at 2–3. The Defendant is a citizen of Pennsylvania. ECF No. 21, Pl.'s 3d Amd. Compl. ¶ 11; ECF No. 3 Def.'s Answer ¶ 11 (Defendant has a principal place of business in Pennsylvania).

Plaintiff filed its original Complaint in the Philadelphia Court of Common Pleas on December 2, 2019. ECF No. 1, Notice of Removal. Plaintiff asserted claims for conversion, breach of contract, unjust enrichment, promissory estoppel, and declaratory judgment. *Id.* On February 3, 2020, Plaintiff filed an Amended Complaint, which added claims for fraudulent inducement, unfair competition, tortious interference with prospective business relations, and misappropriation of intellectual property. ECF No. 1, Notice of Removal at 2–3; ECF No. 8-1, Remand Mtn. Mem. of Law at p. 1–2. After some discovery was conducted, Plaintiff moved to file another amended complaint on April 16, 2021. *Id.* at Ex. A. The trial court granted the motion, and the Second Amended Complaint was docketed on May 7, 2021. *Id.* at p. 2; *see also id.* at Ex. B. The Second Amended Complaint added a claim for trademark infringement under the Lanham Act, which was not present in Plaintiff's original Complaint or First Amended Complaint. ECF No. 8-1, Remand Mtn. Mem. of Law at p. 2.

The Defendant then removed the action to this Court on May 28, 2021 on the basis of this Court's federal question jurisdiction.[1] ECF No. 1-1 Notice of Removal ¶ 10–13. Plaintiff filed a Motion to Remand (ECF No. 8), which the Court denied because the removal was proper. ECF No. 11. However, the Court granted the Plaintiff leave another amended complaint (ECF No. 20), which was docketed as the Third Amended Complaint on August 10, 2021. ECF No. 21.

---

[1] Defendant's Notice of Removal also stated that the case was removable "pursuant to 28 U.S.C. § 1441(b)." ECF No. 1-1 Notice of Removal ¶ 13. However, diversity jurisdiction is not a proper basis for subject matter jurisdiction here because the single defendant is a citizen of Pennsylvania and the "forum defendant rule" precludes removal on the basis of diversity. *See Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 153 (3d Cir. 2018) (citing 28 U.S.C. § 1441). Thus, the basis for this Court's subject matter jurisdiction over this case is solely federal question jurisdiction pursuant to 28 U.S.C. § 1331.

The Third Amended Complaint does not include the federal Lanham Act claim. *Id.* Plaintiff then moved to remand the case back to the Pennsylvania Court of Common Pleas, Philadelphia County. ECF No. 25.

### III.    ANALYSIS

A civil action brought in state court may be removed by the defendant to the federal district court in the district where that action is pending if that district court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). A removing party's assertion of federal question jurisdiction is determined under the well-pleaded complaint rule, meaning that federal question jurisdiction is established when the face of a properly pleaded complaint asserts a federal question. *Elite 2016 LLC v. Cauthon*, No. 21-CV-1320, 2021 WL 3033760, at *2 (E.D. Pa. July 16, 2021). Removal was appropriate here because the Second Amended Complaint included a claim under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*

Although removal was appropriate, Plaintiff argues that this case should now be remanded because it has dropped the federal Lanham Act claim from its Third Amended Complaint. Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See also Wells Fargo Bank, Nat'l Ass'n As Tr. for Holders of the Merrill Lynch Mortg. Invs. Tr., Mortg. Loan-Asset-Backed Certificate Series 2006-WMCI v. Dey-El*, 788 F. App'x 857, 859 (3d Cir. 2019) ("§ 1447(c) authorizes remands for lack of subject-matter jurisdiction at any time"). Where the district court determines that it lacks subject matter jurisdiction, remand is mandatory. *Dsida v. Esposito*, No. 2:21-CV-0427, 2021 WL 3810242, at *1 (W.D. Pa. Aug. 26, 2021).

However, section 1447(c) applies only to the assessment of jurisdiction on the basis of the record as it stands at the time the petition for removal is filed. *Seawright v. Greenberg*, 233 F.

App'x 145, 148 (3d Cir. 2007) (citing *Westmorland Hosp. Assn. v. Blue Cross of Western Pa.*, 605 F.2d 119, 123 (3d Cir. 1979)). "A subsequent amendment to the complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction." 605 F.2d at 123. Because this Court had subject-matter jurisdiction at the time the Defendant removed the case, the Plaintiff's subsequent amendment to its complaint to withdraw the federal-law claim does not divest this Court of its subject-matter jurisdiction.

Although Plaintiff is not automatically entitled to remand because it dropped the federal claim from the Third Amended Complaint, this matter may nonetheless be remanded under 28 U.S.C. § 1367(c). *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635 (2009). Pursuant to 28 U.S.C. § 1367(c)(3), a "district court may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction." A district court's decision whether to exercise jurisdiction after dismissing those claims over which it had original jurisdiction is purely discretionary. *See Carlsbad*, 556 U.S. at 639. However, the Third Circuit has stated that, where all federal claims are dismissed before trial, "the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (citation omitted) (emphasis in original); *see also Shaffer v. Board of Sch. Directors of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984) ("We have held that pendent jurisdiction should be declined where the federal claims are no longer viable absent 'extraordinary circumstances.'").

Defendant argues that the Court should exercise supplemental jurisdiction over this matter pursuant to Section 1367(c). However, there are no 'extraordinary circumstances' here that warrant the exercise of supplemental jurisdiction. First, this case has not been pending here

for a substantial period of time. Defendant removed the case to this Court on May 28, 2021, only five months ago, and Plaintiff promptly filed a motion to remand. After the Court denied that motion, the Plaintiff filed its Third Amended Complaint and the instant Motion. As such, the Court has expended few judicial resources on this matter so far and has not been involved in any aspect of the case besides the remand issue. The original Complaint was filed in the Philadelphia County Court of Common Pleas in December of 2019 and this matter remained there for well over a year. The Court can perceive no unfairness or inconvenience to the parties in this case returning to the forum where it originated and was litigated for most of its pendency. Even if Plaintiff engaged in the manipulative pleading practices as Defendant alleges, the possibility that the Plaintiff employed such practices (including removing federal claims to avoid federal litigation) does not, by itself, warrant the exercise of supplemental jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). Accordingly, because Plaintiff's Third Amended Complaint does not include any federal claims, in the interest of convenience, fairness, and judicial economy, the Court will exercise its discretion to decline subject matter jurisdiction over this matter and remand it back to state court.

## IV.    CONCLUSION

For the reasons stated above, the Court will **GRANT** Plaintiff's Motion to Remand (ECF No. 25). Accordingly, this matter is remanded to the Philadelphia County Court of Common Pleas. An appropriate order follows.

**DATE:**  10/14/2021                    **BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**